IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>ALEJANDRO BERRELLEZA-BOJORQUEZ,<br><br>        Defendant. | 4:22-CR-3128<br><br>REVISED<br>TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report in this case. The defendant has moved for a downward variance, and objected to the presentence report. Filing 55.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)    impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.   The defendant has moved for a downward variance based on his personal circumstances and the circumstances of the offense. Filing 55. The Court will resolve that motion at sentencing.

    The defendant's motion also contains an objection to the presentence report. Filing 55 at 5-8.[1] Specifically, he argues that he was a minor or minimal participant in the criminal offense and should receive a role

---

[1] In sentencing a defendant, the Court must first determine the advisory sentencing range as recommended by the Guidelines. Next, the Court must decide if any applicable Guidelines provisions permit a traditional "departure" from the recommended sentencing range. Then, in determining the actual sentence that should be imposed, the Court must consider whether the factors in § 3553(a) justify a "variance" outside the final advisory Guidelines sentencing range. *United States v. Lozoya*, 623 F.3d 624, 625-26 (8th Cir. 2010). The defendant's argument that he is entitled to a role adjustment goes to the Court's determination of the advisory guidelines range, rather than any variance from that range.

adjustment pursuant to U.S.S.G. § 3B1.2. Filing 55 at 5. He also argues for an additional downward adjustment pursuant to U.S.S.G. § 2D1.1(b)(17). Filing 55 at 5-6.

Section 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." *Id.*, cmt. n.3(A). The defendant bears the burden of proving that he is entitled to a mitigating role adjustment. *United States v. Salazar-Aleman*, 741 F.3d 878, 880 (8th Cir. 2013). Specifically, it is the defendant's burden to establish both that he is a "minor participant by comparison with other participants *and* by comparison with the offense for which he or she is accountable." *United States v. Ramirez-Maldonado*, 928 F.3d 702, 708 (8th Cir. 2019). The Court considers, among other things,

- (i) the degree to which the defendant understood the scope and structure of the criminal activity;
- (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
- (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
- (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; [and]

- 3 -

> (v) the degree to which the defendant stood to benefit from the criminal activity.

§ 3B1.2 cmt. n.3(C). The Court will resolve this issue at sentencing.

In addition, if the defendant demonstrates that he is a "minimal participant" and receives a four-level reduction of the offense level pursuant to § 3B1.2(a), he may receive a further two-level reduction if the offense involved all of the following factors:

> (A) The defendant was motivated by an intimate or familial relationship or by threats or fear to commit the offense and was otherwise unlikely to commit such an offense;
>
> (B) The defendant received no monetary compensation from the illegal purchase, sale, transport, or storage of controlled substances; and
>
> (C) The defendant had minimal knowledge of the scope and structure of the enterprise.

§ 2D1.1(b)(17). In other words, § 2D1.1(b)(17) provides what adds up to a six-level "super-minimal-role adjustment" for "a very narrow category of drug offenders." *United States v. Diaz*, No. 11-CR-821, 2013 WL 322243, at \*7 (E.D.N.Y. Jan. 28, 2013).

The Court notes that the defendant's argument for being "motivated by an intimate or familial relationship" is simply that he committed the offense as "a financial necessity to provide for his family." Filing 55 at 6. While acknowledging that the defendant's argument at least arguably falls within the ambit of the guideline's language, the Court questions

whether that sort of financial motive is what this adjustment was intended to address.

Section 2D1.1(b)(17) was born from the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), which contained a number of provisions reducing the penalties for drug offenses in some ways, but increasing them in others. Most pertinently, the Fair Sentencing Act contained two sections directing the Sentencing Commission to review and amend the federal sentencing guidelines: Section 6, titled "Increased Emphasis on Defendant's Role and Certain Aggravating Factors," and Section 7, titled "Increased Emphasis on Defendant's Role and Certain Mitigating Factors." *Id.* §§ 6-7, 124 Stat. at 2373-74.

Section 6 directed the Sentencing Commission to ensure a 2-level increase to the offense level if the offense involved "super-aggravating" factors, one of which required proof that the defendant "used another person to purchase, sell, transport, or store controlled substances"; "used impulse, fear, friendship, affection, or some combination thereof to involve such person in the offense"; and that "such person had a minimum knowledge of the illegal enterprise and was to receive little or no compensation from the illegal transaction." *Id.*, § 6(3)(B)(i), 124 Stat. at 2373. That directive resulted in what is now the enhancement at § 2D1.1(b)(16)(A). And Section 7 of the Fair Sentencing Act mirrored § 6(3)(B)(i)—it directed the Sentencing Commission to ensure a 2-level reduction if the defendant "had a minimum knowledge of the illegal enterprise"; "was to receive no monetary compensation from the illegal transaction"; and "was motivated by an intimate or familial relationship

- 5 -

or by threats or fear when the defendant was otherwise unlikely to commit such an offense." *Id.*, § 7(2). That became § 2D1.1(b)(17).

Read in context then, § 2D1.1(b)(17)(A) should mean more than just "I wanted to help my family." Rather, it's the other side of § 2D1.1(b)(16)(A)(i): An enhancement is warranted if the defendant manipulated an intimate or familial relationship to coerce another person to commit a crime, and a reduction is warranted if the defendant was the person coerced. It wouldn't be much of a "super-minimal-role adjustment" otherwise. And that also makes sense when the maxim of *noscitur a sociis*[2] is applied to § 2D1.1(b)(17)(A): The two motives that satisfy the reduction's criteria are "an intimate or familial relationship" or "threats or fear," and those are only comparable if both are regarded as having some coercive aspect.

The Court also notes the tension between the defendant's argument that his motive to commit the offense was financial, but that he "received no monetary compensation" from the crime. *See* § 2D1.1(b)(17)(B). The defendant resolves that tension by pointing out that he never got paid, because he got caught. Filing 55 at 6. The Court also questions whether that's the sort of conduct that § 2D1.1(b)(17) is meant to apply to.

Again, the Fair Sentencing Act of 2010 is illuminating: As noted above, the directive from Congress was to provide an additional reduction to the offense level when, among other things, the defendant "was to receive no

---

[2] "This maxim, literally translated as 'it is known by its associates,' counsels lawyers reading statutes that 'a word may be known by the company it keeps.'" *Graham Cnty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 559 U.S. 280, 287 (2010).

monetary compensation from the illegal transaction." Pub. L. No. 111-220, § 7(2)(B), 124 Stat. at 2374. And the comments to the guidelines amendment initially adopting § 2D1.1(b)(17) reflect the same intent—to provide an additional downward adjustment if, among other things, the defendant "was to receive no monetary compensation" from the drug transaction. U.S.S.G. app. C, vol. III, amend. 748, at 385. With that background in mind, it's apparent that whether the defendant "received no monetary compensation" depends on whether the scheme involved the defendant receiving monetary compensation—not whether he was arrested first.

Nonetheless, it's the defendant's burden to prove the applicability of § 2D1.1(b)(17). *See United States v. Benson,* 715 F.3d 705, 708 (8th Cir. 2013) (government must prove applicability of sections which would enhance offense level and defendant must prove applicability of guideline sections which would reduce offense level). Accordingly, the Court will resolve this issue on the evidence at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the

    submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 3rd day of April, 2023.

                                            BY THE COURT:

                                            John M. Gerrard
                                            Senior United States District Judge